*Court of Common Pleas, Dauphin County, April 7th,* 1853.

THE DISTRIBUTION OF THE MONEY FROM THE SALE OF THE REAL ESTATE OF McGEE AND MARTIN.

When upon the dissolution of a firm, one of the partners assumes a particular debt, he is bound to pay it. If another partner discharges it, he is entitled to be subrogated to the claims of the creditor against the one who assumed it.

BY THE COURT.—The judgment in favor of the Middletown Bank is a lien on the real estate of both debtors, and the bank

[Distribution of Money from Sale of the Real Estate of McGee and Martin.]

could claim its money from either. The only question arising on the auditor's report is between McGee and Martin, and their creditors, which should pay it. If this was the proper debt of McGee, and Martin stood in the light of a surety, and the latter was obliged to pay the debt, he would be entitled to subrogation. This equity is still more readily enforced in the present case, where the money is raised and in court for distribution. The evidence of McGee shows that this money was originally borrowed by himself and Reed; for although he states that it went into the business in which Martin was a partner, yet the latter was in no wise bound for it to any one, and the same could have been claimed by McGee as an advancement of cash out of his own pocket. The note was renewed from time to time for several years, before the name of Martin appeared on it. Down to that time it was the debt of McGee. When the settlement took place between the members of the firm, it was agreed that McGee should pay this debt; he took it upon himself, and from that time, as between him and Martin, the latter was discharged from its obligations. We cannot doubt from the whole evidence but that the money for which this debt was contracted was always treated as belonging to McGee, and by him put into the partnership as his stock, and drawn out again on the settlement, or at previous times, when funds came into his hands. If it had even been the original debt of the firm, but on a settlement of the business had been assumed by McGee, from that moment the latter would be the responsible party in equity. When a partnership is dissolved, and on final settlement one of the partners agrees for value to pay the debts, if another is obliged to make payments, he is entitled to subrogation. It is true that before this is ordered, it must appear that the accounts have been settled; but for the present case that sufficiently appears, as McGee testified that they were settled, so far as regards this claim, and, as I would infer, as to all things, unless it may be as to some stock spoken of, and even as to that he appears indefinite. Therefore, we consider that both on the grounds of the original creation of this debt and the subsequent arrangements for its payment, equity requires that it should be discharged by McGee. The auditor has taken a correct view of the law and the facts in his report. It is ordered that the report of distribution of the moneys arising from the sale of James Martin's property be confirmed. That the debt due to the Middletown Bank be paid out of the money raised from the sale of Rody McGee's property, if the same has not already been paid, and the balance applied to the judgment of James Freeland, as reported by the auditor.